**IN THE COURT OF APPEALS OF IOWA**

No. 24-1242
Filed December 4, 2024

**IN THE INTEREST OF K.W.,**
**Minor Child,**

**D.W., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Brent Pattison, Judge.


        The father appeals the termination of his parental rights.  **AFFIRMED.**


        Leah Patton of Patton Legal Services, LLC, Ames, for appellant father.

        Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney

General, for appellee State.

        ConGarry Williams, Des Moines, attorney and guardian ad litem for minor

child.


        Considered by Ahlers, P.J., Sandy, J., and Potterfield, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2024).

**POTTERFIELD, Senior Judge.**

The juvenile court terminated the father's parental rights to K.W., born in 2020, pursuant to Iowa Code section 232.116(1)(f) and (*l*) (2024).[1]  The father appeals, arguing (1) the State did not prove the statutory grounds for termination, in part because the reduction of visitation in the two months leading up to the termination trial constitutes a failure to make reasonable efforts to reunify; (2) the loss of his rights is not in K.W.'s best interests; (3) multiple permissive factors in section 232.116(3) preclude termination; and (4) alternatively, the juvenile court should have established a guardianship in the paternal grandmother instead of terminating his rights.

We review the termination of parental rights de novo.  *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).  "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* (citation omitted).

When the juvenile court terminates a parent's rights on more than one statutory ground, we may affirm on any ground we find supported by the record. *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).  Here, we choose to review termination under section 232.116(1)(f), which allows the juvenile court to terminate parental rights when it finds by clear and convincing evidence that all the following are met:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

---

[1] While the State petitioned to terminate both the mother's and the father's parental rights, after the termination trial, the juvenile court gave the mother six more months to work toward reunification.

(3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The father challenges only the fourth element—whether K.W. could be returned to his custody at the time of the termination trial in July 2024. *See A.M.*, 743 N.W.2d at 111 (interpreting "at the present time" to mean at the time of the termination trial). As part of this challenge, the father argues the State failed to make reasonable efforts to return K.W. to his custody. *See In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000) ("[T]he reasonable efforts requirement is not viewed as a strict substantive requirement of termination. . . . [Instead, t]he State must show reasonable efforts as a part of its ultimate proof the child cannot be safely returned to the care of a parent.").

As the juvenile court noted in its order ruling on the father's motion to amend, enlarge, or reconsider the termination order, "no motion for reasonable efforts was filed by the father at any point during the length of this case. The issue was not raised by the father until closing argument at the [termination] hearing." We recognize that the father's reasonable-efforts complaint is limited to the reduction of visitation and the lack of in-person visits in the last two months before the termination trial—he could not have raised the issue before then. *Cf. In re T.S.*, 868 N.W.2d 425, 442 (Iowa Ct. App. 2015) ("Complaints regarding services are properly raised 'at removal, when the case permanency plan is entered, or at later review hearing.'" (citation omitted)). But "the parent has a responsibility to object when appropriate changes can [still] be made." *In re G.C.*, No. 21-1781, 2022 WL

246270, at *3 (Iowa Ct. App. Jan. 27, 2022) (citing *In re L.M.*, 904 N.W.2d 835, 839–40 (Iowa 2017)). Waiting until closing arguments on the second day of a two-day termination trial is too late. *See T.S.*, 868 N.W.2d at 442 ("[W]e will not review a reasonable efforts claim unless it is raised prior to the termination hearing."). This issue is not preserved for our review.

Still, we consider whether the State proved K.W. could not be returned to the father's custody at the time of the termination trial. As the father seemed to recognize in his testimony he was not able to take custody of K.W. in July 2024. The father would not disclose where he lived to the Iowa Department of Health and Human Services or the court. Although he admitted using methamphetamine and tested positive for methamphetamine during the course of the proceedings, he did not obtain a substance-use evaluation or participate in treatment. When K.W. was formally removed from the parents' care this time[2]—in April 2023—the father was incarcerated following a conviction for domestic violence, with the mother as the victim. Yet the father did not participate in any therapy or classes meant to address the issue. He also did not obtain a mental-health evaluation or otherwise participate in therapy. The father attended visits with K.W., but he did not engage in any other services that were necessary for reunification. K.W. could not be safely returned to the father's custody, so the State proved the ground for termination pursuant to section 232.116(1)(f). *See A.M.*, 843 N.W.2d at 102.

---

[2] K.W. was previously adjudicated a child in need of assistance and removed from parental custody for about fourteen months before the case was closed—all before K.W.'s second birthday. In that case, domestic violence and parental drug use were the main concerns.

Next, the father argues termination of his rights is not in K.W.'s best interests. *See* Iowa Code § 232.116(2). The father points to his bond with the child and their positive interactions at visits to support his argument. But "[a] child's safety and the need for a permanent home are our primary concerns when determining a child's best interests," and the father is not able to provide those things. *In re J.E.*, 723 N.W.2d 793, 801 (Iowa 2006) (Cady., J. concurring specially). And he does not ask for more time to be in a better position to provide those things. Termination of the father's parental rights is in the child's best interests.

The father argues two permissive factors preclude termination— section 232.116(3)(a) and (c), which allow the court to forego termination when either "[a] relative has legal custody of the child" or "termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." As the juvenile court recognized, K.W. was not in the legal custody of a relative; he was in the custody of the department while placed with a relative. So section 232.116(3)(a) is inapplicable. *See In re A.B.*, 956 N.W.2d 162, 170 (Iowa 2021). And the father failed to prove that termination would be detrimental to K.W. based on the closeness of their relationship. *See In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018) (holding the parent resisting termination bears the burden to establish a permissive factor under section 232.116(3)).

Finally, the father argues the juvenile court should have established a guardianship in the paternal grandmother in lieu of terminating his parental rights. *See* Iowa Code § 232.117(5) (allowing the court, after a termination trial, to not order the termination of parental rights but instead enter an order pursuant to

section 232.104); *see also id.* § 232.104(2)(d)(2) (allowing the court to transfer guardianship of the child to an adult relative). The juvenile court considered this request, noting that while the paternal grandmother was K.W.'s caretaker during the first child-in-need-of-assistance case, K.W. had been living with the maternal grandmother for more than a year at the time of the termination trial. Moving K.W. from one home to another while the mother continued to work toward reunification is not in K.W.'s best interests. *See In re D.S.*, 806 N.W.2d 458, 465 (Iowa Ct. App. 2011) ("The paramount concern in termination proceedings is the best interests of the child."). We agree with the juvenile court; a guardianship in the paternal grandmother was not in K.W.'s best interests at the time of the termination trial.

We affirm the termination of the father's parental rights.

**AFFIRMED.**